1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   CYNTHIA COOKSIE,                    No.  2:12-cv-1445 LKK AC PS

12          Plaintiff,

13      v.                               ORDER AND

14   PAC. GAS & ELEC. CO., ET AL. ,      FINDINGS & RECOMMENDATIONS

15          Defendants.

16

17          On July 24, 2013, the court held a hearing on defendant International Brotherhood of

18   Electrical Workers Local Union 1245's ("IBEW") motion to dismiss or, in the alternative, motion

19   for summary judgment (ECF No. 25).  Defendant Pacific, Gas and Electric Company ("PG&E")

20   has filed both a joinder to IBEW's motion (ECF No. 26) and a separate, similar motion (ECF No.

21   27).  Jennifer Marston appeared for IBEW.  Philip Behrens appeared for PG&E.  No appearances

22   were made for plaintiff.  Upon review of the motion, the documents filed in support, and good

23   cause appearing therefor, THE COURT FINDS AS FOLLOWS:

24                  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

25          On April 16, 2012, plaintiff initiated suit in the Sacramento County Superior Court

26   alleging that she was wrongfully terminated from her position at PG&E and that IBEW failed to

27   represent her properly with respect to the termination.  Lafayette Decl. Ex. A.

28          PG&E filed an answer on May 25, 2012 and removed the complaint to this court on May

1

29, 2012 with jurisdiction premised on claims arising under the Labor Management Relations Act, 29 U.S.C. § 185, and the National Labor Relations Act, 29 U.S.C. 159(a).  IBEW filed an answer on June 5, 2012.

On July 18, 2012, defendants PG&E and IBEW filed a joint status report in compliance with the court's May 30, 2012 order directing the parties to meet in person and file a joint status report within thirty days after a defendant answers.  See ECF Nos. 6, 11.  In the joint statement, the defendants asserted that they repeatedly attempted to contact the plaintiff in order to meet in person.  Despite twice scheduling meetings to discuss the joint status report, plaintiff failed to respond and to appear.

Based on the defendants' assertions in the joint status report, the first magistrate judge assigned to this case, Magistrate Judge Gregory G. Hollows[1], issued an order to show cause why sanctions should not be imposed for plaintiff's failure to participate in the joint status report.  ECF No. 12.  At the September 6, 2012 hearing on the order to show cause, plaintiff appeared and asserted that she did not participate in the preparation of the joint status report because she was in the process of obtaining counsel.[2]

On September 10, 2012, Magistrate Judge Hollows issued a pretrial scheduling order.

On November 8, 2012, this action was related to an earlier case filed by plaintiff against these same defendants, Cooksie v. PG&E, et al., 2:12-cv-0681-LKK-CKD.  The related action, which was plaintiff's initial attempt to bring suit against the defendants, was filed in federal court in the first instance and dismissed without prejudice on May 29, 2012 for failure to file an amended complaint.

On reassignment following the related case order, the second magistrate judge assigned to this case, Magistrate Judge Carolyn K. Delaney, issued a modified scheduling order, setting the following dates in this matter:

Initial disclosures: December 14, 2012.

Expert disclosures: May 10, 2013.

[1] This matter was reassigned to the undersigned on November 20, 2012.  ECF No. 24.
[2] No counsel has yet appeared for plaintiff in this case.

1    Discovery deadline: June 12, 2013.

2    Pretrial Motions: August 7, 2013.

3    Pretrial Conference: September 16, 2013.

4    Jury Trial: December 17, 2013.

5    On June 18, 2012, IBEW filed the instant motion, which seeks dismissal of this action as a

6    discovery sanction or, alternatively, motion for summary judgment.  ECF No. 25.  PG&E has

7    filed a joinder to the motion.  ECF No. 26.  On July 5, 2013, PG&E filed its own motion to

8    dismiss, set for hearing on August 7, 2013.

9                                         LEGAL STANDARDS

10    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action

11    for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

12    comply with the court's local rules, or failure to comply with the court's orders.[3]  This court's

13    Local Rules are in accord.  See E.D. Local Rule 110 ("Failure of counsel or of a party to comply

14    with these Rules or with any order of the Court may be grounds for imposition by the Court of

15    any and all sanctions authorized by statute or Rule or within the inherent power of the Court.");

16    E.D. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules

17    of Civil Procedure, the court's Local Rules, and other applicable law may support, among other

18    things, dismissal of that party's action).

19    A court must weigh five factors in determining whether to dismiss a case for failure to

20    prosecute, failure to comply with a court order, or failure to comply with a district court's local

21    rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court

22    must consider:

23                (1) the public's interest in expeditious resolution of litigation; the
                court's need to manage its docket; (3) the risk of prejudice to the
24                defendants; (4) the public policy favoring disposition of cases on
                their merits; and (5) the availability of less drastic alternatives.
25
     Id. at 1260-61.  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series
26

27    _____
     [3] Rule 41(b) provides, in part: "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute
     or to comply with these rules or a court order, a defendant may move to dismiss the action or any
28    claim against it." Fed. R. Civ. P. 41(b).

                                                    3

1  of conditions precedent before the judge can do anything, but a way for a district judge to think

2  about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

3  (9th Cir. 2006).

4  DISCUSSION

5   Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b) and 41

6  for failure to state a claim, failure to obey court orders, and failure to prosecute.  Alternatively,

7  they move for summary judgment pursuant to Rule 56.

8   Defendants assert that plaintiff has completely failed to prosecute her case, as

9  demonstrated by the following:

10
11    1.  Plaintiff failed to participate in an in-person meeting to discuss a joint status report.

12
13    2.  Plaintiff failed to participate in the filing of a joint status report. (Indeed, plaintiff failed to file a joint status report at all.)

14    3.  Plaintiff failed to serve initial disclosures, despite multiple requests by defendants.

15
16    4.  Plaintiff ignored three separate requests for production from defendants.

17    5.  Plaintiff ignored defendants' requests for admissions.

18    6.  Plaintiff did not respond to any meet and confer letters.

19    7.  Plaintiff failed to appear at her own deposition on two separate occasions.

20    8.  Plaintiff has not propounded any discovery of her own.

21    9.  Plaintiff did not oppose the instant motion.

22    10. Plaintiff did not appear at the hearing on the instant motion.

23   The court has reviewed plaintiff's actions in this case and finds them to be particularly

24  egregious.  Plaintiff has failed entirely to comply with her obligations in this case.  She has failed

25  to appear at her deposition, failed to respond to defendants' discovery requests, and failed to

26  respond to their requests to meet and confer.  Through her steadfast refusal to provide defendants

27  any discovery, plaintiff has made it practically impossible for the defendants to litigate this case.

28   By refusing to participate in discovery throughout the discovery period, and by failing to

1  oppose the instant motion and appear at today's hearing, plaintiff has violated the discovery rules

2  and the orders of this court and has failed to prosecute her lawsuit.  In light of the plaintiff's

3  conduct, the court agrees with the defendants that all factors weigh in favor of dismissal:

4      A.    Expeditious resolution of litigation

5      Orderly and expeditious resolution of disputes serves the public interest and "is of great

6  importance to the rule of law."  In re PPA Products Liability Litigation, 460 F.3d 1217, 1227 (9th

7  Cir. 2006).  Plaintiff has disregarded the public's interest by refusing to participate in discovery.

8  Her non-compliance will necessarily prolong the litigation, without any showing of cause for the

9  delay.

10      B.    Court's need to manage its docket

11      Plaintiff's past conduct demonstrates disregard for the court's resources and the need for

12  orderly case management.  In light of plaintiff's past conduct, the undersigned concludes that

13  continued litigation would likely result in continued non-compliance, wasteful pretrial activities,

14  and the pointless expenditure of judicial resources.  See In re PPA Products, 460 F.3d at 1227

15  (discussing circumstances related to docket management that support dismissal for discovery

16  noncompliance and failure to prosecute).

17      C.    Risk of prejudice to the defendant

18      "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go

19  to trial or threaten to interfere with the rightful decision of the case."  Adriana Int'l Corp. v.

20  Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).  Failure to appear at deposition and to produce

21  documents constitutes prejudice.  Id.  Moreover, the law presumes prejudice from undue delay.

22  In re PPA Products, 460 F.3d at 1227.  If the plaintiff proffers a non-frivolous excuse for delay,

23  the burden shifts to defendant to demonstrate actual prejudice.  Id. at 1228.  Here, plaintiff has

24  offered no excuse for failing to comply with her discovery obligations within the time frame

25  established by the scheduling order.  Defendants have already born costs of time and money in

26  arranging, preparing for, and appearing at plaintiff's deposition. They have incurred further costs

27  preparing and appearing in relation to the sanctions motion.  Without any responses to discovery,

28  defendants cannot adequately defend themselves in this action.  Accordingly, plaintiff's actions

1    impair defendants' ability to go to trial and to obtain rightful decision of the case.  Prejudice on

2    these facts is both presumed and actual.

3              D.      Disposition on the merits

4         Although the policy favoring disposition of a case on its merits counsels against dismissal,

5    "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and

6    discovery obligations cannot move forward toward resolution on the merits."  In re PPA Products,

7    460 F.3d at 1227.  Accordingly, this factor does not protect from terminal sanctions "a party

8    whose responsibility it is to move a case toward disposition on the merits but whose conduct

9    impedes progress in that direction."  Id.  Plaintiff's conduct in this case has seriously impeded

10   progress of the case toward resolution on the merits.   The case is presently stalled due to

11   plaintiff's failure to participate in discovery and failure to appear.  Accordingly, the general

12   desirability of disposition on the merits does not weigh against dismissal here.

13             E.      Availability of less drastic sanctions

14        Less drastic sanctions might have been imposed had plaintiff appeared in opposition to the

15   motion and indicated her willingness to comply with future orders of the court.  Her complete

16   failure to appear, however, demonstrates a disregard for the court that would make lesser

17   sanctions futile.  Defendants' noticed motion for terminating sanctions put plaintiff specifically

18   on notice that dismissal was a present possibility.  In re PPA Products, 460 F.3d at 1228-29

19   (although a prior warning is not always required, "we focus more closely on the lack of warning

20   and absence of consideration of less drastic alternatives when the dismissal is sua sponte rather

21   than in response to a noticed motion.").  Plaintiff failed to respond to defendants' motion and

22   failed to appear at the hearing on the defendants' motion.  The undersigned has considered

23   evidentiary, issue, and monetary sanctions but concludes in light of the entire history of this case

24   that no sanction short of dismissal would be effective.  See Adriana, 913 F.2d at 1411-12 (in

25   evaluating the propriety and severity of sanctions, the court may consider all instances of a

26   party's misconduct).

27        For these reasons, IT IS HEREBY ORDERED that the August 7, 2013 hearing on

28   PG&E's motion to dismiss or, in the alternative, motion for summary judgment is vacated; and

1    IT IS HEREBY RECOMMENDED that:

2        1.  IBEW's motion to dismiss (ECF No. 25) be granted;

3        2.  PG&E's motion to dismiss (ECF No. 27) be denied as moot; and

4        3.  This action be dismissed with prejudice.

5        These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10   shall be served and filed within seven days after service of the objections.  The parties are advised

11   that failure to file objections within the specified time may waive the right to appeal the District

12   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13   DATED: July 24, 2013

14

15                                         ALLISON CLAIRE

16                                         ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21   /mb;cook1445.sanct_msj

22

23

24

25

26

27

28

                                           7